UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

ERIC Q. SMITH, SR.,

          Plaintiff,

     v.                            23-CV-810-LJV-HKS
                                       DECISION & ORDER

TARGET CORPORATION,

          Defendant.

───────────────────────────────

Before the Court is a motion for summary judgment, Docket Item 13, filed by the defendant, Target Corporation ("Target"), in this slip-and-fall case. The plaintiff, Eric Q. Smith, Sr., responded, Docket Item 14, and Target replied, Docket Item 16. For the reasons that follow, material issues of fact preclude summary judgment, and this Court therefore denies Target's motion.

## BACKGROUND

The parties agree that on August 17, 2019, Smith slipped and fell near the front of the Target store located at 1750 Walden Avenue, Cheektowaga, New York. Docket Item 13-13 at ¶¶ 1-3; Docket Item 14-13 at ¶¶ 1-3. More specifically, Smith "walked across the ceramic floor toward the front of the store to throw some coffee cups in a garbage can." Docket Item 13-13 at ¶ 9; Docket Item 14-13 at ¶ 9. "While walking back toward the cash registers, [he] slipped and fell on what he later realized was a spot of water." Docket Item 13-13 at ¶ 9; Docket Item 14-13 at ¶ 9. There was surveillance video from the time of Smith's fall, Exhibit G, but "[t]he floor area where [he] fell is

behind a display and cannot be seen on the surveillance video," Docket Item 14-13 at ¶ 25.

It had rained more than half an inch that day, but "[t]here were no wet floor signs in the area where . . . Smith fell."  Docket Item 13-13 at ¶ 5; Docket Item 14-13 at ¶¶ 5, 29.  Surveillance video shows "a Target employee" wearing a rain poncho "bringing in carts from outside [eight] times."  Docket Item 14-13 at ¶ 26; *see* Exhibit G at 1:18, 4:21, 6:46, 9:35, 11:10, 20:05, 29:24, 32:30.  "Target requires that shopping carts be wiped down when they are wet from rain."  Docket Item 14-13 at ¶ 26; *see* Docket Item 13-9 at 124-25.[1]  But of those eight "times that the Target employee brought in carts, he . . . retrieved a towel [only three] times," Docket Item 14-13 at ¶ 26 (citing Exhibit G at 4:21, 6:46, and 11:10), and the video shows the employee actually "drying the carts [only one] time," *id.* (citing Exhibit G at 11:10).  The surveillance footage shows the employee returning the carts to the front of the store, where customers would take them to use while shopping.  *See* Exhibit G at 1:18, 4:21, 6:46, 9:35, 11:10, 20:05, 29:24, 32:30.

After customers pick up a cart from the front of the store, they can wipe it down with disinfectant wipes at a nearby "wiping stati[on]."  *See* Docket Item 14-13 at ¶ 26. Smith slipped and fell next to the wiping station.  *See id.*  And "[i]n the approximate[ly twenty] minutes prior to" Smith's fall, the surveillance video shows "customers . . . stopping their carts on the ceramic tile floor next to the disinfectant wipes to disinfect their carts [ten] times."  *Id.* (citing Exhibit G at 14:24, 14:44, 17:50, 19:50, 21:20, 22:47, 23:15, 23:41, 27:35, 29:40).

---

[1] Page numbers in docket citations refer to ECF pagination.

Smith therefore claims that customers picked up carts that had not been wiped down even though they were wet from the rain, wiped them off with disinfectant wipes in the wiping station area, and created the puddle on which he slipped. *See* Docket Item 14-13 at ¶ 30; Docket Item 14-14 at 19. And based on that sequence of events, Smith says that "there is a triable issue of fact as to whether Target created the dangerous condition." *Id.*

## LEGAL PRINCIPLES

"A motion for summary judgment may be granted 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Soto v. Gaudett*, 862 F.3d 148, 157 (2d Cir. 2017) (quoting Fed. R. Civ. P. 56(a)). "Summary judgment is appropriate when 'there can be but one reasonable conclusion as to the verdict,' i.e., 'it is quite clear what the truth is,' and no rational factfinder could find in favor of the nonmovant." *Id.* (italics and internal citations omitted) (first quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); and then quoting *Poller v. Columbia Broad. Sys., Inc.*, 368 U.S. 464, 467 (1962)). Conversely, "[s]ummary judgment should be denied if, when the party against whom summary judgment is sought is given the benefit of all permissible inferences and all credibility assessments, a rational factfinder could resolve all material factual issues in favor of that party." *Id.* "In deciding such a motion, the court cannot properly make credibility determinations or weigh the evidence." *Id.*

**DISCUSSION**

"To establish a prima facie case of negligence under New York law, 'a plaintiff

must [establish:] (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof,

and (3) injury proximately resulting therefrom.'"  *Lerner v. Fleet Bank, N.A.*, 459 F.3d

273, 286 (2d Cir. 2006) (quoting *Solomon ex rel. Solomon v. City of New York*, 66

N.Y.2d 1026, 1027, 489 N.E.2d 1294, 1294-95 (1985)).  "In this case, the 'duty' owed is

Target's 'common-law responsibility to show due care to customers by maintain[ing] its

premises in a reasonably safe condition.'"  *See Kirbaran v. Target Corp.*, 720 F. Supp.

3d 267, 274 (S.D.N.Y. 2024) (some internal quotation marks omitted) (quoting *Borley v.

United States*, 22 F.4th 75, 78 (2d Cir. 2021)).  To show a breach of that duty, Smith

"must offer evidence 'that [Target] either created the dangerous condition or had actual

or constructive notice of the condition and its dangerousness.'"  *See id.* (quoting *Borley*,

22 F.4th at 79).

"Actual notice . . . 'requires the plaintiff to prove that the defendants were, in fact,

aware of the dangerous condition.'"  *Gonzalez v. K-Mart Corp.*, 585 F. Supp. 2d 501,

504 (S.D.N.Y. 2008) (quoting *Quarles v. Columbia Sussex Corp.,* 997 F.Supp. 327, 332

(E.D.N.Y. 1998)).   But "[w]here the defendant created the dangerous condition, actual

notice is presumed."  *Lionel v. Target Corp.*, 44 F. Supp. 3d 315, 319 n.4 (E.D.N.Y.

2014) (quoting *Gayman v. Pathmark Stores, Inc.,* 2005 WL 1540812, at *3 (S.D.N.Y.

June 30, 2005)).  "To constitute constructive notice, a defect must be visible and

apparent[,] and it must exist for a sufficient length of time prior to the accident to permit

[the] defendant's employees to discover and remedy it."  *Kirbaran*, 720 F. Supp. 3d at

274 (quoting *Gordon v. Am. Museum of Nat. History*, 67 N.Y.2d 836, 837-38, 492

4

N.E.2d 774, 775 (1986)).  "Where there is no direct evidence of notice, '[c]onstructive notice may be inferred based on the circumstances surrounding the injury and the condition of the premises.'"  *Id.* (quoting *Touri v. Zhagui*, 2010 WL 779335, at *3 (S.D.N.Y. Mar. 5, 2010)).

Smith argues that Target's motion must be denied because there are triable issues of fact regarding (1) "whether Target created the dangerous condition (i.e., water on the floor) by failing to adequately wipe down/dry the carts," (2) "whether the dangerous condition . . . was a recurring condition sufficient to impute constructive notice to Target," and (3) "whether Target was negligent in failing to place a wet floor sign to warn of the dangerous condition."  Docket Item 14-13 at ¶¶ 27-29.  For the reasons that follow, this Court agrees that material issues of fact preclude summary judgment.

The "[p]laintiff's burden at this stage of the proceedings is not merely to proffer a plausible theory, but to present evidence from which a reasonable jury could draw the inference that [the d]efendant created the hazardous condition."  *Lionel*, 44 F. Supp. 3d at 319.  Smith has done that.  As explained above, the surveillance video shows that around the time of the incident here, a Target employee wearing a rain poncho brought carts in without wiping them down despite a policy requiring the employee to do so.  The carts were left at the front of the store where shoppers would pick them up, and the store had a nearby wiping station where shoppers could use disinfectant wipes to wipe down the carts.  In fact, surveillance video shows several shoppers doing just that shortly before Smith's slip and fall.

Based on all that, a jury could reasonably infer that customers retrieved wet carts, wiped them down at the wiping station, and thus created the puddle on which Smith slipped.  And that raises a material question of fact that precludes summary judgment.  *Cf. Gayman*, 2005 WL 1540812, at *3 (denying summary judgment where another customer's "[a]ffidavit assert[ed] that a cart pulled by [the defendant's] employee created a tr[ai]l of slippery liquid and that that liquid caused [p]laintiff to slip and fall minutes later in the main aisle").

Target argues that "[t]here is no evidence of the condition's appearance before the fall in this case."  Docket Item 13-12 at 11.  In fact, Target says, "[s]urveillance video of the area in question shows numerous customers and employees traversing the front of the store," but "not a single individual reacts, falls victim to, or otherwise takes notice of anything on the floor in the area at[ ]issue."  *Id.*  And, Target says, Smith's "own testimony was that he did not see the liquid on the ground before he slipped and fell."  *Id.*

But as explained above, "[w]here the defendant created the dangerous condition, actual notice is presumed."  *Lionel*, 44 F. Supp. 3d at 319 n.4 (quoting *Gayman*, 2005 WL 1540812, at *3).  Here, "[d]rawing all inferences in the light most favorable to [Smith], there is a genuine issue of material fact as to whether [Target] created the condition which caused [Smith]'s fall."  *See Gayman*, 2005 WL 1540812, at *3.  Stated another way, and as in *Gayman*, "[a] jury . . . could reasonably conclude that the [d]efendant created the condition that caused [the p]laintiff's accident, notwithstanding

the fact that [the p]laintiff did not see any . . . slippery liquid in the area prior to the accident."[2]  *See id.*

Target also says that Smith's theory of the case is mere speculation and that there is no way to know whether rainwater from carts actually caused the puddle.  *See* Docket Item 13-12 at 10-14.  But the plaintiff's burden is not to conclusively prove how the accident occurred; a reasonable inference from which a jury could find by a preponderance of the evidence that the defendant is to blame is enough.  *See, e.g.*, *Gayman*, 2005 WL 1540812, at *3.  And Smith has raised that reasonable inference here.

In sum, it is reasonable to assume that shopping carts wet with rain left at the front of the store by store employees against store policy created the dangerous condition that caused Smith's injury.  And for that reason, summary judgment is denied.

## CONCLUSION

For all the reasons noted above, Target's motion for summary judgment, Docket Item 13, is DENIED.  The Court will schedule a status conference to set a trial date.

---

[2] In contrast, in *Lopez v. Target Corporation*, 2023 WL 6927198 (W.D.N.Y. Oct. 19, 2023)—on which Target relies, *see* Docket Item 16 at 8—the plaintiff did "not allege that Target created the slippery condition that caused her fall."  *Lopez*, 2023 WL 6927198, at *2.

SO ORDERED.

Dated:      July 23, 2025
            Buffalo, New York

*/s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE